IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>EDWIN RAMON OSORIO-PENA,<br><br>Defendant. | CRIMINAL NO. 97-166 (CCC) |

## **REPORT AND RECOMMENDATION**

On June 26, 2007, the Probation Office filed a Motion Notifying Violations of the Supervised Release Conditions (Docket No. 145) which alleges that the defendant violated four different conditions of his supervised release term. On June 28, 2007, this court referred the motion to me for a preliminary hearing on probable cause to order revocation of supervised release and for a report and recommendation. (Docket No. 146). A summons was issued on July 3, 2007 ordering the defendant to appear. (Docket No. 149).[1]

A preliminary hearing was held on September 4, 2007, during which the defendant was represented by Ramón M. González-Santiago, Esq. Also present at the hearing were AUSA Jenifer Hernández-Vega and USPO August J. Castro. The court heard the following arguments and proffers, and made the following findings of probable cause, as to each of the four alleged violations of supervised release:

---

[1] The defendant's term of supervised release ended on or about July 17, 2007. (Docket No. 145, p. 2). However, since the court issued a summons before the term ended, the court retains jurisdiction to adjudicate revocation for any matter arising before expiration of the term. 18 U.S.C. §3583(i).

1.  **"The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance."**

The defendant conceded at the preliminary hearing that on or about January 10, 2007 he was arrested and charged with a violation of Puerto Rico controlled substances laws, and that probable cause was found against him by a state court judge as alleged by the pre-trial services office. However, the defendant argued that the court should continue any proceedings related to this allegation pending the outcome of the state court case because to adjudicate the supervised release violation at this time would jeopardize defendant's Fifth Amendment rights. Based on the fact, admitted by the defendant, that the state court found probable cause that defendant violated Puerto Rico controlled substances law, I find probable cause that the defendant violated the condition of supervised release prohibiting him from committing any further crime and from illegally possessing a controlled substance. It will be for the presiding district judge to determine whether the final revocation hearing should be continued pending the resolution of the state criminal charge against the defendant.

2.  **Standard Condition #2: "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

The defendant concedes that he did not file timely reports for the months of January, February, March, April and May of 2007. However, the defendant proffered that after his

USA vs Edwin Ramón Osorio-Peña                                                                   Page 3
Cr. No. 97-166 (CCC/BJM)
Report and Recommendation

January 2007 arrest he was told by the probation officer that his supervised release would be revoked, and therefore the defendant believed that he no longer was required to submit the reports. Based on defendants' admission, I find probable cause that the defendant violated Standard Condition #2. I find that the defendant's proffered explanation as to why he did not submit the reports, even if accepted as true, does not bear on the finding of probable cause.

> 3.  **Standard Condition #6: "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment."**

The parties agree that the defendant had provided the probation officer with his parents' address where he resides during weekdays. However, the defendant concedes that he failed to provide the probation officer with the address where he resides on weekends. I therefore find probable cause that defendant violated Standard Condition #6.

> 4.  **Standard Condition #11: "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

The defendant concedes that he did not notify the probation officer within seventy-two hours of his arrest on January 10, 2007. However, the defendant proffered that he received out-patient medical treatment the day following his arrest, and appeared in court the day after that. The defendant further proffered that he left a message for the probation officer one week after his arrest. Based on the defense's admission, I find probable cause

that the defendant violated Standard Condition #11. Although the defendant's proffered explanation as to why he did not provide timely notice of his arrest to the probation office may serve as a mitigating factor, I find that it does not bear on the finding of probable cause.

After considering the parties' arguments and the defendant's proffers, I find probable cause that the defendant violated each of the four conditions of supervised release as alleged by the probation officer.

The government does not move for the defendant's detention at this time, and defendant shall remain released on the same terms of supervised release pending the final revocation hearing. The defendant is admonished that he is to strictly comply with his conditions of release and that any further violations will likely result in an order of detention. The defendant was ordered to meet with the probation officer to discuss any pending matters prior to leaving the building today.

The Clerk's Office is to refer this matter to the presiding district judge for further action.

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico, this 4th day of September, 2007.

                                                        S/*Bruce J. McGiverin*
                                                        BRUCE J. McGIVERIN
                                                        United States Magistrate Judge